UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RYAN T. MALLETT, ) | Case No.: 4:10 CV 1057 |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| J.T. SHARTLE, WARDEN, ) | |
| ) | MEMORANDUM OF OPINION |
| Respondent ) | AND ORDER |

Currently pending before the court is Petitioner Ryan Mallett's ("Mallett" or "Petitioner") above-captioned *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"). He seeks an Order from this court directing the Bureau of Prisons ("BOP") to disregard his status as a sex offender, as well as its April 14, 2008 Memorandum, and evaluate his request for a 12 months' placement in a Residential Re-entry Center ("RRC") under the Second Chance Act of 2008.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner states he is serving a sentence of 36 months imposed by the United States District Court for the Southern District of Illinois. *See United States v. Mallett*, No. 3:08 CR 30135 (S.D. Ill. 2008).[1] With the calculation of Good Credit Time ("GCT"), Petitioner claims his projected date for release from prison is on August 18, 2011.

---

[1] While Petitioner states he is serving a sentence of 36 months, the Public Access to Court Electronic Records (PACER) system reveals the court imposed a sentence of 51 months on January 9, 2009.

Fourteen months after arriving at F.C.I. Elkton, Mallett submitted an Inmate Request to Staff dated April 21, 2010. He requested staff consider placing him in an RRC for 12 months in accordance with the Second Chance Act. Petitioner avers that a copy of the release plan outlining his re-entry strategy was attached. Staff member V. Burton responded the next day and said that nothing was attached to the request. Mr. Burton suggested that Petitioner personally hand him any documents he submitted in the future. He also explained that, at the time the BOP evaluated Petitioner's potential RRC placement, it would consider at least six different criteria to establish the length of his placement. Burton listed the six criteria in his response to Petitioner.

Mallett complains that Burton's response did not mention any information specific to him. He claims he later had a conversation with his Case Manager who advised him that sex offenders never receive more than 60-days' placement in an RRC. Petitioner did not exhaust his administrative remedies because he believes BOP policy would not provide sufficient time to fully exhaust before his term of imprisonment would expire. Thus, he seeks a waiver of his exhaustion requirement based on futility.

## II. STANDARD OF REVIEW

This matter is before the court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Since Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). For the reasons set forth below, this Petition lacks merit.

### III. LEGAL ANALYSIS

### 1. Exhaustion

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir.2006). Petitioner has admittedly failed to avail himself of the administrative procedures, but asks the court to excuse exhaustion. The Sixth Circuit has recognized that the habeas exhaustion requirement is not without exception. A prisoner's failure to exhaust available state or administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks. *Id.* at 236; *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir.1982) ("A long line of Supreme Court cases recognizes the rule that a party need not exhaust administrative remedies before bringing a claim to federal court when the administrative remedy is inadequate or cannot provide the relief requested."). The Sixth Circuit has also stated a habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petitioner. *Norton v. Parke*, 892 F.2d 476, 481 (6th Cir.1989).

Here, Mr. Mallett attempted to preempt the entire process by filing his petition in this court before the BOP actually decided how long he would be placed in an RRC  Because an inmate may be placed in an RRC or community corrections center for up to the final twelve months of his sentence, and Petitioner's release date was 16 months away when he made his initial inquiry, he claims it was futile to further pursue his administrative remedies because time would render the issue moot. Even if Petitioner fully exhausted his remedies, however, the petition is subject to dismissal because it lacks merit.

**2. Second Chance Act**

The authority to designate where federal prisoners are confined is essentially based on two statutes. The first, 18 U.S.C. § 3621, states in relevant part: "The Bureau may designate any available penal or correctional facility that meets the minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted." 18 U.S.C. § 3621(b). The second, 18 U.S.C. § 3624(c), charges the BOP with facilitating a prisoners reentry into society.

Congress amended section 3624 when it enacted the Second Chance Act of 2007 ("Act"), 42 U.S.C. § 17501, effective April 9, 2008. The Act amended the statute to direct: "the BOP Director shall ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act, Pub. L. 110-199, § 251, 122 Stat. 660, 692 (2008).

The Act allows the BOP to place an inmate in RRC for as much as 12 months of his sentence. It does not automatically mandate, entitle, or guarantee, any prisoner placement in RRC. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir.2009); *Harris v. Hickey*, No. 10 CV 135, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010). The Act only requires the BOP to consider placing an inmate in RRC for *up to* a 12-month period. *Demis*, 558 F.3d at 514 (emphasis added). Pursuant to the administrative regulations promulgated as a result of the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). RULES AND REGULATIONS, DEPARTMENT OF JUSTICE, BUREAU OF PRISONS, 73 Fed. Reg. 62,440; 62, 441-42 (Oct. 21, 2008). *McIntosh v. Hickey*, No. 10-CV-126, 2010 WL 1959308, at * 3 (E.D. Ky. May 17, 2010). Although

the BOP is authorized to place an inmate in home confinement or CCC, an inmate is not entitled to such placement at any time. 18 U.S.C. § 3624(c). Mallett's only entitlement is an individual evaluation for placement at a CCC consistent with the factors set forth in 18 U.S.C. § 3621.

Petitioner seeks to have the court require the BOP evaluate his request for 12-months placement in a RCC that first does not rely on the BOP's April 14, 2008 memorandum[2] and second does not consider any written or unwritten policy regarding the length of time sex offenders receive for their placement. Upon a thorough review, the court finds that Petitioner should be denied on both grounds. Petitioner's first ground for relief is meritless. The prison authorities were not authorized to use the April 14, 2008 memorandum because it was no longer in effect by the time Petitioner entered into prison in 2009.[3] Further, the information Petitioner asserts in support of his second ground is not sufficient. As stated above, Petitioner claims he was told by the Case Manager that sex offenders never receive more than 60-days' placement in the RRC. This comment does not show whether, or to what extent, there exists any written or unwritten policy regarding sex offenders that would limit the time he received for his placement. Petitioner even acknowledges within his Petition that he is "unclear about whether or not there is a written policy limiting sex offenders to a set number of days in an RRC." (Petition, at 23.) Further, there is no indication that the Case Manager had the authority to opine on behalf of the prison authorities or was in a position to obtain such knowledge of prison rules and practices when evaluating prisoners for RRC placement. Finally,

---

[2] Issued by the BOP five days after the enactment of the Second Chance Act, the April 14, 2008 Memorandum recommended that inmates' pre-release needs could be accommodated by a placement of "six months or less," even though the Second Chance Act allowed inmates a placement duration of up to twelve months.

[3] On October 21, 2008, the BOP adopted regulations which removed the objectionable "limiting" criteria that was included in the earlier Memo. *See Strong v. Schultz*, 599 F. Supp.2d. 556 (D.N.J.2009).

Petitioner was told by Burton, a staff member of the prison, that he would be evaluated under the six criteria outlined in the statute. There is no evidence that Burton, as a staff member of the prison, indicated to Petitioner, that his status as a sex offender would be considered a part of the six criteria. The limited information provided by Petitioner is insufficient to support his claim for relief.

### IV. CONCLUSION

Based on the foregoing reasons, the petition is dismissed pursuant to 28 U.S.C. § 2243. Further the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 1, 2011